16468.   George *et al.*, receivers, *v.* Rothstein & Nelson.

Stephens, J.   1. Where an amendment to a motion for a new trial appears to have been approved by the trial judge prior to the date of the order overruling the motion, this court will presume, in the absence of evidence to the contrary, that the motion had been regularly presented and served upon the respondent as required by law and the terms of the order setting for hearing the motion for a new trial.   See, in this connection, Ga. L. 1911, p. 149.   The motion of counsel for the defendant in error that this court disregard the amendment to the motion for a new trial upon the ground that the date of its approval by the trial judge was after the date of the hearing on the motion, and that it does not appear that the amendment was presented and considered by the court upon the date of the hearing, is denied.

2. This being a suit by creditors against the representative of the estate of a deceased debtor, to recover an alleged balance due upon promissory notes of the deceased, alleged to have been transferred to the plaintiffs by the payee thereof, upon which the executrix of the estate had made a payment, and it being alleged that when such payment was made it was agreed between the plaintiffs and the executrix, through an alleged authorized agent of the executrix, that the amount paid was accepted by the plaintiffs in full settlement of the indebtedness represented by the notes, provided that the estate proved to be insolvent, and it being further alleged that such agreement of settlement was induced by a false and fraudulent representation, authorized by the executrix, made to the plaintiffs by the alleged agent acting for the executrix, that the estate was insolvent, any declarations by the executrix afterwards made in letters to other creditors of the estate or to any other person, indicating an offer to settle with other creditors claims against the estate for less than their full amounts, are relevant and admissible in evidence as tending to establish a fraudulent intent on the part of the executrix at the time of making the alleged agreement by which the plaintiffs agreed to accept a less amount in settlement of the claim sued for upon condition that the estate proved insolvent.

3. There being some evidence, by way of admission by the executrix to the attorney for the plaintiffs, that the payee of the note, who negotiated the alleged settlement with the plaintiffs, in so doing was an agent for the executrix, testimony of a witness for the plaintiffs that the payee of the note, when making the settlements with the plaintiffs, approached the plaintiffs "as the representative" of the executrix, was admissible in evidence.   Civil Code (1910), § 3606.   This testimony is susceptible to the construction that the witness was testifying to a fact, and not to a conclusion, the fact being that the capacity in which the payee

Appeal and Error, 4 C. J. p. 783, n. 55; p. 1016, n. 47.

Depositions, 18 C. J. p. 759, n. 89 New.

Evidence, 22 C. J. p. 536, n. 92 New; p. 747, n. 58.

Executors and Administrators, 24 C. J. p. 863, n. 76; p. 872, n. 79; p. 874, n. 13, 20.

Trial, 38 Cyc. p. 1617, n. 34; p. 1618, n. 36; p. 1749, n. 8, 9, 98; p. 1759, n. 34; p. 1778, n. 73; p. 1779, n. 75, 76.

purported to act in making the settlement was that of agent for the executrix.

4. Where an objection to the introduction in evidence of interrogatories offered by the plaintiffs was made upon the ground that the envelope in which the interrogatories had been transmitted through the mail to the clerk's office had been opened in violation of the terms of an agreement between counsel respecting the transmission and receipt of the interrogatories, the foundation for the objection was not shown where the contents of the agreement did not appear. The court did not err in admitting the interrogatories over the objection urged.

5. The exclusion of testimony of the son of the executrix that the payee of the note had never been the agent of the executrix affords no ground for reversal, since it appears from the brief of evidence that testimony to that effect from this witness was admitted.

6. It was not error for the court to charge that the jury should take·into consideration the contentions of the parties and apply the law to the facts in rendering a verdict.

7. A charge to the jury that notes against an estate have priority over accounts was applicable to the issue, and could not have been prejudicial to the defendant.

8. A charge of the court that upon proof of certain facts.a verdict should be found for the defendant is not subject to the exception that the charge placed the burden of proof upon the defendant. Such objection is particularly without merit where the court elsewhere in the charge instructed the jury generally that the burden of proof was upon the plaintiffs.

9. Nothing said by the trial judge either in the charge or otherwise is susceptible to the construction that it amounted to an expression of opinion upon the facts, or that the court inaccurately quoted any of the testimony.

10. There was evidence authorizing the inference that the alleged agreement recited in the petition was made by an authorized agent of the executrix, that the estate afterwards proved solvent as respects its ability to pay the notes sued on, when their priority as claims against the estate are considered, that the agreement to accept the sum paid in full settlement of the notes on the condition named was induced by the fraud alleged, and the court did not err in submitting these issues to the jury.

11. The only evidence of agency being a statement by the son of the executrix, made in her presence to the attorney for the plaintiffs, prior to the execution of the alleged settlement of the notes, that he (the son) expected to take up, with the payee of the notes in New York, who was his uncle, the matter of paying the notes, and that the payee was going to attend to the matter for him, and the testimony of a witness for the plaintiffs that the payee, when negotiating with him the settlement of the notes, acted "as the representative" of the executrix, and there being no evidence of any after-acquired knowledge upon the part of the executrix or her son, who transacted business for her, of the terms of the alleged agreement made by the payee, there was no evidence of ratification of the alleged terms of the agreement between the payee and the plaintiffs, and the court erred in charging the jury that if the

executrix ratified the act of the alleged agent she would be bound by any representation which the alleged agent may have made. This charge was calculated to impress upon the jury that if the executrix made the payment upon the notes in ignorance of the alleged conditions or representations as to insolvency, made by the payee to the plaintiffs in New York, the executrix thereby ratified the agreement negotiated by and the representations made by the payee. This was error prejudicial to the defendant, and requires a reversal of the judgment overruling the motion for a new trial.

12. Except as indicated above, no error of law appears.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 25, 1926.

Complaint; from Morgan superior court—Judge Park. March 21, 1925.

*E. H. George,* for plaintiffs in error.   *E. R. Lambert,* contra.